UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 23-cr-20023
Hon. Matthew F. Leitman

TIMOTHY HAZELETT,

Defendant.

______________________________________/

**ORDER FOR SUPPLEMENTAL BRIEFING**

Now pending before the Court is Defendant Timothy Hazelett's Motion for Franks Hearing and to Suppress Evidence. (*See* Mot., ECF No. 22.) The Court has reviewed the filings to date in connection with the motion and has concluded that it would benefit from one final round of supplemental briefing. This additional round of briefing shall address (in greater detail than in the current briefing) the argument by Hazelett that the affidavit in support of the relevant search warrant did not demonstrate a sufficient nexus between any alleged crime and the place to be searched. (*See id*., PageID.118-119.) More specifically, the Court directs the parties to identify the most relevant Sixth Circuit authority on the nexus issue and to offer arguments as to how that authority applies to the facts of this case.

The Government should identify the Sixth Circuit decision that has found a sufficient nexus on facts closest to the facts of this case. The Government should also identify with precision those portions of the affidavit that it believes establish a nexus between an alleged criminal offense and the place to be searched.

Hazelett should identify the Sixth Circuit decision that has found an insufficient nexus on facts closest to this case.

Both parties may also discuss and analyze relevant case law from outside the Sixth Circuit and/or from any federal district courts.

Furthermore, both parties should address the applicability, if any, of the Sixth Circuit's decision in *Peffer v. Stephens*, 880 F.3d 256, 269-273 (6th Cir. 2016). The parties should address whether *Peffer* applies here and whether any portion of the cited pages from *Peffer* is *obiter dicta*. Finally, the parties should address whether, assuming the "presumption" identified in *Peffer*, *see id*. at 270, applies here, the presumption was rebutted by (1) statements in the affidavit suggesting that Hazelett (and/or his brother) may not have owned the cellular telephone used to communicate with the alleged minor victim or (2) any other statements in the affidavit that for any reason cast doubt on whether there was any connection between (a) any object allegedly used by Hazelett (and/or his brother) to commit a crime and (b) the place to be searched.

Finally, both parties should address whether, assuming the Court finds an insufficient nexus between any alleged offense and the place to be searched, the Court should nonetheless decline to suppress the seized evidence on the basis of the good faith exception. *See United States v. Kinison*, 710 F.3d 678 (6th Cir. 2013) (explaining how good faith exception applies where nexus found to be lacking).

Hazelett shall file his supplemental brief by **February 12, 2024**. The Government shall file its supplemental brief by **February 29, 2024**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 9, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126